JAMES W. CRAIG and ASBERRY ALBRITTON v. D. B. WILDER, as Administrator of the Estate of W. E. Wilder, deceased.

169 So. 847.

Division B.

Opinion Filed October 1, 1936.

*Treadwell & Treadwell* and *R. E. Brown,* for Appellants; *Leitner & Leitner,* for Appellee.

PER CURIAM.—In this case appellee moves to strike the supersedeas order and bond herein.

The supersedeas order made by the Honorable W. J. Barker, Judge of the Tenth Judicial Circuit of Florida, was upon the following condition:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said appeal shall operate as a supersedeas of all proceedings in said cause in this Court, and that all proceedings upon said interlocutory order and in said cause in this Court be and the same are hereby stayed pending said appeal and the result thereof, and that this supersedeas order became effective upon the filing by said defendants, James W. Craig and Asberry Albritton, of a bond with good and sufficient surety thereon, payable to the said D. B. Wilder as administrator of the estate of W. E. Wilder, deceased, in the penal sum of $1,000.00, conditioned to pay all costs incurred in the prosecution of said appeal in the event the

interlocutory order of this Court above described shall be affirmed, and such damages as the complainant may sustain because of said appeal and maintain the grove upon the lands involved in this suit in the reasonably good condition and keep an exact account of all citrus crops produced upon said property and account to the complainant for same in case the complainant is successful in maintaining his bill, which said bond shall be approved by this Court or the Clerk thereof."

The bond presented and filed purporting to comply with that order appears to have been executed by Asberry Albritton and John H. Treadwell as principals and James W. Craig and Harley Watson.

The order required James W. Craig and Asberry Albritton to file a bond with good and sufficient surety thereon. The statute requires two sureties or an authorized surety company. The bond does not meet the requirement because James W. Craig could not become surety for himself and John H. Treadwell contends that he has not executed the bond as surety but as principal and as he was not required to make the bond as principal he became a voluntary principal.

The motion to strike is grounded upon the allegation that the supersedeas bond which is filed is signed by a bondsman, John H. Treadwell, and it is alleged that the said John H. Treadwell is an attorney at law practicing in this State and of counsel of record for said appellants in this cause; and that the said John H. Treadwell is precluded from executing said bond as surety, by the provisions of Section 2551 R. G. S., 4169 C. G. L., as surety for his client.

The appellant contends that Mr. Treadwell has not signed the bond as surety for his client, but has signed the bond as principal because he is so described in the bond.

We hold that the contention of the appellee is well founded and that regardless of the fact that in the bond it is recited, "KNOW ALL MEN BY THESE PRESENTS; that, we, Asberry Albritton and John H. Treadwell, as principals, and James W. Craig and Harley Wilson, are held and firmly bound," etc., the execution of the bond by Mr. Treadwell is in derogation of the statute and that he is fact on said bond no more than a surety for the parties to the suit.

For the reasons stated, the motion to strike the bond is granted. The motion to strike the supersedeas order is denied and the appellants are allowed ten days from the entry of this order in which to file a good and sufficient bond in the court below complying with the supersedeas order entered as aforesaid.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.